IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTINE LEONARDO, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH CARE SERVICE CORPORATION, <br><br> Defendant. | Case No. 1:09-cv-01588 <br><br> Hon. William J. Hibbler |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's second attempt at creative pleading—in at least one instance contradicting facts she pled earlier—fails to correct the defects that were fatal in plaintiff's original complaint. While plaintiff has deleted two of the counts in her original complaint[1]—her earlier claims under Sections 502(c) and 503 of the Employee Retirement Income Security Act of 1974 ("ERISA")[2]—she continues to assert non-viable claims under Sections 502(a)(1)(B) and 502(a)(3) of ERISA.

---

[1] Though plaintiff has dropped Count II of her original complaint, which alleged HCSC violated ERISA § 503, she continues to allege that HCSC violated § 503, without asserting a cause of action for such violation. [Am. Compl. ¶¶ 70, 74, and p. 24, ¶ E]. As explained earlier [Dkt. #19, pp. 7-9], plaintiff cannot bring a § 503 claim against HCSC, because among other things § 503 applies only to "employee benefits plan[s]" see 29 U.S.C. § 1133, and not to plan administrators like HCSC. See Groves v. Mod. Ret. Plan, 803 F.2d 109, 116 (3rd Cir. 1986). Plaintiff admits that HCSC is the "plan administrator," and that the plan is a separate entity. [Am. Compl. ¶¶ 23, 69]. Accordingly, HCSC is not a defendant against whom a § 503 claim may be brought.

[2] Though plaintiff has dropped Count III of her original complaint, which sought relief under ERISA § 502(c) for alleged violations of ERISA's disclosure requirements (ERISA §§ 102 and 104(b)(4)), plaintiff continues to seek a declaration that HCSC violated these disclosure requirements in her Prayer for Relief without asserting a cause of action for such violations. [Am. Compl. p. 25, ¶ F]. To the extent plaintiff seeks such relief, her claim is barred because it is improperly pled, seeks relief that is unavailable under ERISA, and fails to state a claim. [Dkt. #19, pp. 10-13].

Plaintiff's Count I, seeking benefits under Section 502(a)(1)(B) of ERISA, remains fatally defective, as that claim can only be brought against a plan—it cannot be brought against an admitted plan administrator like defendant Health Care Service Corporation ("HCSC"). Count I further fails to identify any plan provision which provides for the benefits plaintiff is seeking, as required to state a claim under ERISA.

Plaintiff's Count II must be dismissed because it continues to seek relief that is duplicative of that sought in Count I. Plaintiff's attempt to differentiate Count II from Count I fails, as the relief sought in Count II is already sought in Count I, or is unavailable under ERISA. Count II also fails to state a claim for breach of fiduciary duty arising out of the misrepresentations or omissions that plaintiff alleges.

Though plaintiff has been aware of these defects in her complaint since defendant filed its prior motion to dismiss, plaintiff inexplicably has refused to name the plan as a defendant instead of HCSC, or to bring claims that are permissible under ERISA. These fatal defects in her first amended complaint warrant dismissal.

## STATEMENT OF FACTS

According to the amended complaint,[3] plaintiff Justine Leonardo participated in the "Brent Coon & Associates health plan" at her prior employer, a Texas-based law firm named Brent Coon & Associates. [Am. Compl." ¶ 23]. Plaintiff alleges that HCSC was the "plan administrator" for the Brent Coon & Associates health plan (the "Plan") and that HCSC "insured" and "funded" benefits under the Plan. [Am. Compl. ¶¶ 69, 88].

Plaintiff claims that HCSC violated ERISA by underpaying out-of-network health care benefits through HCSC's use of the Ingenix databases to calculate the benefits. In Count I,

---

[3] HCSC moved to dismiss plaintiff's initial complaint. [Dkt. #19]. In response, plaintiff agreed to file an amended complaint to try to address the issues raised in the motion to dismiss.

plaintiff seeks to recover the allegedly miscalculated benefits under Section 502(a)(1)(B) of ERISA. In Count II, she claims that HCSC breached its fiduciary duties under Section 502(a)(3) by miscalculating the benefits and failing to disclose its use of the Ingenix databases. Plaintiff purports to represent a nationwide class of persons who were members of employer welfare plans that are insured and administered by HCSC and who received reimbursement for out-of-network medical services or supplies at less than the provider's billed charge. [Am. Compl. ¶ 75].

## ARGUMENT

I. **Count I Should be Dismissed Because HCSC is Not a Proper Defendant and Because Plaintiff Has Failed to Identify Any Specific Plan Provision That Confers the Alleged Benefits in Question.**

Plaintiff alleges in Count I that HCSC miscalculated the benefits under the Plan in violation of Section 502(a)(1)(B) of ERISA. Count I should be dismissed because plaintiff's claim can be asserted only against the plan itself, and because plaintiff has not identified any plan terms that purportedly provide for the benefits.

A. **HCSC is Not a Proper Defendant for a Section 502(a)(1)(B) Claim.**

Count I must be dismissed because HCSC is not a proper defendant for plaintiff's Section 502(a)(1)(B) claim. As the Seventh Circuit has repeatedly held, "[g]enerally, in a suit for ERISA benefits" under Section 502(a)(1)(B), "the plaintiff is limited to a suit against the Plan." Mote v. Aetna Life Ins., 502 F.3d 601, 610-11 (7th Cir. 2007) (affirming dismissal of Section 502(a)(1)(B) claim against plan administrator) (quoting Blickenstaff v. R.R. Donnelley, 378 F.3d 669, 674 (7th Cir. 2004)). The Seventh Circuit "takes the position that absent special circumstances the proper defendant in an employee's lawsuit seeking the payment of ERISA benefits is the employee benefit *plan* rather than the plan administrator." Gittings v. Tredegar, 2008 U.S. Dist. LEXIS 91138, at *2 (N.D. Ill. Nov. 10, 2008) (emphasis in original); see also

Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n. 4 (7th Cir. 2001) ("[w]e continually have noted that ERISA permits suits to recover benefits *only against the Plan as an entity*.") (emphasis added and citation omitted); see also Whitcher v. Meritain Health, Inc., 2009 U.S. Dist. LEXIS 52450, at *7 (S.D. Ill. Jun. 22, 2009) (administrator "is not a proper defendant" for plaintiff's Section 502(a)(1)(B) claim).

Plaintiff admits that HCSC is the "plan administrator," and that "the plan is [the] Brent Coon & Associates health plan," which is not a party to this case. [Am. Compl. ¶¶ 23, 69]. As the alleged plan administrator, HCSC is not a defendant against whom a Section 502(a)(1)(B) claim may be brought.

Plaintiff does not satisfy any of the "narrow exceptions" that might allow her to bring a Section 502(a)(1)(B) claim against HCSC. See Berg v. BCS Financial Corp., 372 F. Supp. 2d 1080, 1089 (N.D. Ill. 2005) (dismissing Section 502(a)(1)(B) claim brought against plan administrator). First, plaintiff has not alleged that "the plan cannot provide full relief" for her claim. Id. at 1090. Second, she has not shown that HCSC, the alleged plan administrator, is "closely intertwined" with the plan. A plan administrator is "closely intertwined" with the plan only if "the plan documents themselves refer to [the defendant] and the plan nearly interchangeably." Id. (citing Riordan v. Commonwealth Edison Co., 128 F.3d 549, 551 (7th Cir. 1997)). Plaintiff does not allege that the plan documents refer to HCSC and the plan interchangeably, nor does she cite any plan provision that would support such an allegation.

HCSC's alleged role in "insur[ing]" or "fund[ing]" benefits is of no relevance under Section 502(a)(1)(B). [Am. Compl. ¶ 88]. Under ERISA, funding or insuring benefits does not make the plan administrator a proper defendant for plaintiff's 502(a)(1)(B) claim. Indeed, in Mote, the defendant plan administrator also underwrote the funding of the benefits, yet the court

concluded that the only proper defendant was the plan itself. Mote v. Aetna Life Ins. Co., 2006 U.S. Dist. LEXIS 80733, at *1 (N.D. Ill. Nov. 3, 2006). Because the insurer acted "on behalf of the Plan," the "Court [wa]s obligated to attribute [the insurer's] decision-making process to the Plan," and the plaintiff's "claim against [the insurer] [wa]s therefore dismissed." Id. at *2 (aff'd, 502 F.3d at 611); see also Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985) (*per curiam*) (dismissing Section 502(a)(1)(B) claim against defendant which "self-funded" the plan because "ERISA permits suits to recover benefits only against the Plan as an entity").

Plaintiff may prefer not to sue her employer's health plan, but the Plan is the only viable defendant for her 502(a)(1)(B) claim. Count I should be dismissed.

### B. Count I Fails to Identify Any Plan Provision that Provides the Benefits Plaintiff Seeks.

Count I should be dismissed for the further reason that it fails to identify any plan provision that provides the benefits that plaintiff seeks. As the Seventh Circuit has repeatedly explained, "[u]nder ERISA § 502(a)(1)(B)... plan participants or beneficiaries... are limited to recovering only the *benefits specified in the plan.*" Senese v. Teamsters Pension Fund, 237 F.3d 819, 825 (7th Cir. 2001) (emphasis added) (citing Harsch v. Eisenberg, 956 F.2d 651, 655 (7th Cir. 1992)). "To adjudicate... a claim" under Section 502(a)(1)(B), the court "must identify the terms of the plan." Roarty v. AFA Protective Sys., 2008 U.S. Dist. LEXIS 75745, at *20 (E.D.N.Y. Sept. 30, 2008) (noting that "therein lies the crux of this case") (quoting Feifer v. Prudential Ins., 306 F.3d 1202, 1208 (2d Cir. 2002)). A complaint that fails to "identify a *specific plan term* that confers the benefit in question" must be dismissed. Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 174 (D.C. Cir. 2006) (emphasis added) (quoting and affirming district court's opinion dismissing complaint brought under Section 502(a)(1)(B)).

Plaintiff admits that "[u]pon enrollment in HCSC's health plan[]," she "received... a contract called an Evidence of Coverage," which "sets forth the terms of Plaintiff's health plan." [Am. Compl. ¶ 32]. Plaintiff claims to know what "HCSC's Evidence of Coverage... state[s]." [Am. Compl. ¶ 10; see also Am. Compl. ¶ 33]. Notwithstanding her claim to have received the plan document and to know what it states, plaintiff has failed to identify what plan provisions were allegedly violated. Neither Count I—nor the rest of the amended complaint—identifies any plan term that confers the benefits in question. Plaintiff's vague and conclusory assertion that "HCSC violated Plaintiff's Evidence of Coverage" [Am. Compl. ¶ 89] falls far short of ERISA's requirement that she "identify a *specific plan term* that confers the benefit in question." Stewart, 471 F.3d at 174 (emphasis added). Plaintiff's failure to identify the plan terms that confer the benefits in question, and to explain how such plans terms were violated by HCSC, requires dismissal of Count I.

## II. Count II Must Be Dismissed Because It Is Duplicative of Count I and Fails to State a Claim for Fiduciary Breach in Connection with the Alleged Misrepresentations or Omissions.

In Count II, plaintiff claims that HCSC breached its fiduciary duties under Section 502(a)(3) of ERISA by miscalculating benefits and failing to disclose its use of the Ingenix databases to calculate those benefits. Count II should be dismissed because the relief plaintiff seeks is duplicative to that sought under Count I. Count II should also be dismissed because plaintiff fails to state a claim for breach of fiduciary duty based on alleged misrepresentations or omissions.

### A. Count II is Impermissibly Duplicative of Count I.

In <u>Varity v. Howe</u>, 516 U.S. 489 (1996), the Supreme Court held that "where Congress elsewhere provided adequate relief for a beneficiary's injury"—i.e., under § 502(a)(1)(B)—"there will likely be no need for further equitable relief, in which case such relief would not be

'appropriate'" under Section 502(a)(3). Varity, 516 U.S. at 514-15; LaRue v. DeWolff, 128 S. Ct. 1020, 1026 (2008) ("relief is not 'appropriate' under § 502(a)(3) if another provision, such as § 502(a)(1)(B), offers an adequate remedy.") (Roberts, C.J. and Kennedy, J. concurring).

Following Varity, courts in the Seventh Circuit have repeatedly held that where a plaintiff has brought a claim under § 502(a)(1)(B), the plaintiff does not have a cause of action under § 502(a)(3) seeking the same relief. See Herman v. Cent. States, 423 F.3d 684, 695 (7th Cir. 2005) (relying on Varity to reject breach of fiduciary claims where claim for benefits is available); Miceli v. Aetna, 2006 U.S. Dist. LEXIS 8270, at *5 (N.D. Ill. Mar. 1, 2006) ("[i]f a plaintiff's alleged injury can be redressed through a § 502(a)(1)[B] claim… a § 502(a)(3) claim is barred"); Moffat v. UniCare, 2005 U.S. Dist. LEXIS 14849, at *18 (N.D. Ill. July 25, 2005) (dismissing § 502(a)(3) claim "because ERISA already provides in § 502(a)(1)(B) the relief for the claim alleged under § 502(a)(3)"); Heroux v. Humana, 2005 U.S. Dist. LEXIS 11712, at *14 (N.D. Ill. Jun. 8, 2005) (even if plaintiff had sued under § 502(a)(3), "her claim would be foreclosed by the relief she seeks… under [§ 502(a)(1)(B)]").

A § 502(a)(3) claim must be dismissed under Varity even if the plaintiff's § 502(a)(1)(B) claim—like Count I here—is dismissed too. See Hedeen v. Aon, 2004 U.S. Dist. LEXIS 21706, at *14 (N.D. Ill. Oct. 27, 2004) (a plaintiff need not have a "successful" claim under § 502(a)(1)(B) to be precluded from bringing a claim under § 502(a)(3)); Moffat, 2005 U.S. Dist. LEXIS 14849, at *16 ("even when a plaintiff's § 502(a)(1)(B) claim has failed, courts have declined to allow that plaintiff to proceed with a § 502(a)(3) claim."); Jurgovan v. ITI Enters., 2004 U.S. Dist. LEXIS 11489, at *6 (N.D. Ill. Jun. 23, 2004) (§ 502(a)(3) claim should be dismissed notwithstanding that the plaintiff does not have a viable § 502(a)(1)(B) claim); White v. Sundstrand, 2000 U.S. Dist. LEXIS 7273, at *39-40 (N.D. Ill. May 23, 2000) ("[t]hat plaintiffs

were unsuccessful with their... claims under section [502](a)(1)(B) does not make their... claim under section [502](a)(3) viable.").

In the present case, plaintiff is simply "attempting to dress [her] benefits claim in fiduciary duty clothing by requesting the same relief" in both Counts I and II, which is impermissible under ERISA. Moore v. Fox Chevrolet, 2007 U.S. Dist. LEXIS 21252, at *18-19 (N.D.N.Y. Mar. 26, 2007). As HCSC explained in its motion to dismiss plaintiff's original complaint, the relief sought in her § 502(a)(3) claim is duplicative of the relief sought in her § 502(a)(1)(B) claim. [Dkt. #19, pp. 13-14]. The same is true for her amended complaint. Compare Am. Compl. ¶ 97 with Am. Compl. ¶ 91 (seeking restitution, declaratory, and injunctive relief under both counts),[4] and compare Am. Compl. p. 26 fn. 2 with Am. Compl. ¶¶ 90-91 (seeking interest under both counts).

In her amended complaint, plaintiff attempts to differentiate her § 502(a)(3) claim in Count II from her § 502(a)(1)(B) claim in Count I by seeking "disgorgement" and "[r]eformation of claims processing procedures," which she claims "may not be available" for her 502(a)(1)(B) claim. [Am. Compl. ¶¶ 94, 97].[5] Neither of these new theories of relief saves Count II from dismissal under the Varity line of cases.

Plaintiff's broad request for "other appropriate equitable relief" in Count I encompasses her claim for disgorgement in Count II. [Id. ¶ 91]. As Courts have repeatedly held, "appropriate

---

[4] As HCSC explained in its motion to dismiss the initial complaint, restitution is unavailable to plaintiff. [Dkt. #19, p 13]. For restitution to be available under ERISA, "the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Great-West Life v. Knudson, 534 U.S. 204, 214 (2002). Plaintiff does not allege that she bestowed particular funds on HCSC which should be restored to her. Rather, she alleges that HCSC has underpaid her for her benefits. Thus, plaintiff does not have a claim for restitution against HCSC. Great-West, 534 U.S. at 214.

[5] Plaintiff cites no legal authority for her allegation that disgorgement and reformation may be unavailable under Section 502(a)(1)(B) of ERISA.

equitable relief" under ERISA includes disgorgement. See George v. Kraft, 2008 U.S. Dist. LEXIS 22126, at *12 (N.D. Ill. Mar. 20, 2008) (disgorgement is a form of appropriate equitable relief under ERISA) (citing Great-West v. Knudson, 534 U.S. 204, 215 (2002)); see also McDannold v. Star Bank, 261 F.3d 478, 488 (6th Cir. 2001)("disgorgement is... 'appropriate equitable relief'" under ERISA) (citing Harris Trust v. Salomon Smith Barney, 530 U.S. 238, 250 (2000)).

Plaintiff's request for reformation in Count II is similarly duplicative of the broad relief she seeks in Count I. Plaintiff's request that HCSC's claims processing procedures be "reform[ed]" is simply a request for injunctive relief, no different than the broad injunctive relief she has requested in Count I. [Id. ¶ 91]. See Kendall v. Employees' Ret. Plan of Avon Prods., 2007 U.S. Dist. LEXIS 68743, at *14 (S.D.N.Y. Sept. 14, 2007) (noting plaintiff's request for "reformation," which was a form of "injunctive relief" under ERISA); In re Citigroup Pension Plan ERISA Litig., 241 F.R.D. 172, 180 (S.D.N.Y. 2006) (noting that "plaintiffs seek injunctive relief including... reformation of the Plan").

Plaintiff's new theories of relief cannot save her claim from dismissal. Count II should be dismissed because the relief plaintiff seeks is duplicative to that sought under Count I.

### B. Count II Fails to State a Claim for Fiduciary Breach in Connection with the Alleged Misrepresentations or Omissions.

Plaintiff's claim that HCSC "fail[ed] to inform HCSC members of... the Ingenix databases" is defective for the further reason that it does not state a claim for fiduciary breach under ERISA. [Am. Compl. ¶ 96]. Under Seventh Circuit law, a fiduciary's allegedly negligent misstatement or omissions are not actionable. See Frahm v. Equitable, 137 F.3d 955, 959 (7th Cir. 1998) (claims based on alleged negligent misstatements about plan terms are "not actionable"); Vallone v. CNA, 375 F.3d 623, 642 (7th Cir. 2004) ("while there is a duty to

provide accurate information under ERISA, negligence in fulfilling that duty is not actionable.... [T]he employer must have set out to disadvantage or deceive its employees... in order for a breach of fiduciary duty to be made out") (citing Frahm). Plaintiff's failure to state a claim for intentional misrepresentation, which requires a plaintiff to show "she act[ed] in reliance on the defendant's misleading statements," Spangler v. Altec, 1999 U.S. App. LEXIS 2114, at *8 (7th Cir. Feb. 9, 1999), equally warrants dismissal of her claim.

Courts have also repeatedly rejected attempts by litigants, like plaintiff here, to use ERISA's fiduciary breach provisions to supplant and expand ERISA's carefully detailed disclosure requirements. See Trustees v. Weinstein, 107 F.3d 139, 147 (2nd Cir. 1997) (refusing to use general fiduciary duties under ERISA to require broader disclosures than those expressly provided for by Congress); Faircloth v. Lundy, 91 F.3d 648, 658 (4th Cir. 1996) (refusing to use fiduciary duty provisions of ERISA to expand ERISA's disclosure requirements); Sprague v. GM, 133 F.3d 388, 405 (6th Cir. 1998) (noting that "[i]t would be strange indeed if ERISA's fiduciary standards could be used to imply a duty to disclose information that ERISA's detailed disclosure provisions do not require to be disclosed" and stating that "[w]e are not aware of any court of appeals decision imposing fiduciary liability for a failure to disclose [such] information").

In the present case, plaintiff fails to state a claim for breach of fiduciary duty under Section 502(a)(3) based on misrepresentations or omissions because she does not allege any facts demonstrating that HCSC acted intentionally or that HCSC should have made disclosures in addition to those mandated by ERISA. See Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009) (applying Bell Atl. v. Twombly, 550 U.S. 544 (2007) to ERISA claims in ruling that "the

court ha[s] to decide whether the Complaint include[s] 'enough *facts* to state a claim to relief that is plausible on its face.'") (Emphasis added).

## CONCLUSION

For the foregoing reasons, defendant HCSC requests that plaintiff's first amended complaint be dismissed with prejudice.

Dated:  July 30, 2009

Respectfully submitted:

/s/  Michael A. Pope

Michael A. Pope, P.C. (# 2232464)
Christopher M. Murphy (# 6205191)
Marie A. Halpin (# 6210972)
John A. Litwinski (# 6286735)
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
Phone: 312.372.2000
Fax:    312.984.7700

COUNSEL FOR DEFENDANT HEALTH CARE SERVICE CORPORATION

# CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 30th day of July 2009 she served the accompanying DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT on counsel for plaintiff by ECF Service or by First Class Mail (as indicated below), addressed to:

Elizabeth Hoskins Dow (by ECF)
Bailey & Glasser, LLP
1003 Western Avenue
Joliet, IL 60435

Gregory Y. Porter (by Mail)
Bailey & Glasser, LLP
910 17th Street, NW
Suite 800
Washington, DC 20006

Garrett T. Wotkyns (by ECF)
Mark T. Johnson (by ECF)
Schneider Wallace Cottrell Brayton LLP
7702 E. Doubletree Ranch Road
Suite 300
Scottsdale, AZ 85258

Mark A. Chavez (by ECF)
Jonathan E. Gertler (by Mail)
Nance F. Becker (by ECF)
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941

Brian A. Glasser (by Mail)
Michael L. Murphy (by Mail)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301

Todd M. Schneider (by ECF)
Schneider Wallace Cottrell Brayton LLP
180 Montgomery Street
Suite 2000
San Francisco, CA 94101

Edwin R. Lamberth (by Mail)
Steven L. Nicholas (by Mail)
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, AL 36604

Andrew S. Friedman (by ECF)
Bonnett, Fairbourn, Friedman & Balint PC
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012

By: /s/ Marie A. Halpin

CHI99 5138959-3.068064.0026