

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUTH MAHRU, on behalf of herself and all others )
similarly situated, )
)
Plaintiff, )
)
v. ) No. 09 C 1588
)
HEALTH CARE SERVICE CORPORATION ) The Honorable William J. Hibbler
and GROUP HEALTH PLAN NO. P76217, )
against itself and all others similarly situated, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ruth Mahru brings this suit, a purported class action, on behalf of all others similarly situated, against Defendants Health Care Service Corporation (HCSC), Group Health Plan No. P76217, and all other similarly situated plans. Defendant HCSC now moves for summary judgment on the single count Mahru brings against HCSC. Mahru has not responded to the summary judgment motion, but instead requests leave from the Court to file an amended complaint. For the reasons stated below, the Court DENIES Plaintiff's motion and GRANTS Defendant HCSC's motion for summary judgment.

**I. Motion for leave to amend complaint**

As Mahru notes, Rule 15(a)(2) of the Federal Rules of Civil Procedure, states that the Court "should freely give leave when justice so requires." Moreover, denials of motions for leave to amend are generally disfavored. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). Nonetheless, the Court may deny such a motion "in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

1

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id.* As noted below, the circumstances surrounding Mahru's request are quite distinct from the normal request to amend a complaint, and the Court has no choice but to deny her motion.

Mahru originally filed a complaint identical to the amended complaint that she now seeks to file as an individual in front of another judge on this court, under a different case number. In that case, Mahru made a claim for benefits against HCSC under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). On September 7, 2010, she filed a notice of voluntary dismissal in that case pursuant to Rule 41 of the Federal Rules of Civil Procedure. On September 14, 2010, the Court, pursuant to that notice, dismissed her case with prejudice.

Mahru is presently bringing one claim against HCSC in the Second Amended Complaint on file in this case. She brings that claim for an alleged breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3). The claim is distinct from the claim she brought in her original, individual action. The claim is based on the theory that HCSC used a flawed database to estimate costs in her case.

Mahru now seeks to amend her complaint to drop the claim for breach of fiduciary duty, and to add a claim identical to that which she originally brought in a separate case. She apparently believes that the material that forms the basis for HCSC's summary judgment motion undermines her ability to bring her fiduciary duty claim. She claims that she was misled by HCSC to think that she was a qualified class representative in this case, and that was the only reason why she dismissed her original claim. However, the instant motion for leave to amend is not the appropriate method for making such a claim. The fact remains that Mahru's original

claim has been dismissed with prejudice. As soon as she filed it, it would be subject to dismissal under the doctrine of *res judicata*. The doctrine applies if there is: "(1) an identity of the parties or their privies; (2) identity of the cause of action; and (3) a final judgment on the merits." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (internal quotation omitted). The first two factors are clearly met here because Mahru is attempting to bring the same complaint against the same party. The third factor is also satisfied because a "dismissal with prejudice is a final judgment on the merits." *Esquire, Inc. v. Varga Enterprises*, 185 F.2d 14, 17 (7th Cir. 1950) (internal quotation omitted). Indeed, the terms "with prejudice" make very clear that the suit may not be re-filed. Thus, allowing her to amend her complaint in this case to duplicate the complaint that has been dismissed would be futile. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974-75 (7th Cir. 2001) ("A new claim is futile if it would not withstand a motion to dismiss.").

Mahru suggests that the judgment is not final because HCSC, through its alleged misrepresentations, denied her the opportunity to fully and fairly litigate her claim. Insofar as she is arguing that a case that is subject to a final judgment may be reopened in cases involving fraud, misrepresentation, or misconduct by an opposing party, she is correct. However, that relief is available under Rule 60(b)(3), not Rule 15. Fed. R. Civ. P. 60(b). Thus, Mahru may move to reopen her original case under Rule 60(b). Indeed, she has done just that in front of the judge who heard her original case. But because the relief she requests is unavailable under Rule 15, the Court denies her motion to amend her complaint.

3

## II. Summary judgment

### A. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

In this case, Mahru has not responded to HSCS's motion and statement of facts. Thus, according to the Local Rules, she has admitted all of HCSC's facts. L.R. 56.1(b)(3)(C). She has also obviously failed to provide any evidence to survive summary judgment. As a result, so long as the facts set forth by the United States support a finding of summary judgment, the Court must grant its motion.

### B. Analysis

The Court need not look much further than this one undisputed fact: No Ingenix database was utilized by HCSC in determining the reimbursement to be made for the services rendered to Ruth Mahru at Bayside Marin from March 3, 2008 to March 5, 2008. (Def. Rule 56.1(a)(3)

4

Statement ¶ 10.) The only count presently pending against HCSC is based on HCSC's use of allegedly "flawed, inaccurate, and outdated data from the Ingenix databases." (Compl. ¶ 66.) Because HCSC did not use any such data in assessing Mahru's claim, her claim for breach of fiduciary duty fails. Thus, the Court grants HCSC's motion for summary judgment.

## *CONCLUSION*

For the above reasons, the Court GRANTS Defendant's motion for summary judgment. The Court enters judgment for Defendant Health Care Service Corporation and against Plaintiff Ruth Mahru on Count III of the Second Amended Complaint.

IT IS SO ORDERED.

_8/10/11_
Dated

Hon. William J. Hibbler
United States District Court

5